UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JINGO JUICE LTD. T/A MARSHMALLOW
LASER FEAST, a United Kingdom private
limited company,

                        Plaintiff,

                                                                                24-cv-8153 (PKC)

        -against-                                                ORDER

DIGITAL ABSTRACT, LLC, a Delaware limited
liability company,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        "Federal courts are courts of limited jurisdiction." Doe v. United States, 833 F.3d 192, 196 (2d Cir. 2016) (ellipsis omitted). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co., Inc. v. Housing Authority of the City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)).

        It falls upon the Court to raise the issue of subject matter jurisdiction sua sponte. The Complaint invokes subject matter jurisdiction based solely upon diversity of citizenship, 28 U.S.C. § 1332. "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc., 87 F.3d 44, 47 (2d Cir.

1996). "It is axiomatic that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Washington Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 133 (2d Cir. 2020) (quotation marks omitted). "However, diversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens. Thus, the presence of aliens on two sides of a case destroys diversity jurisdiction." Suedrohrbau Saudi Co. v. Bazzi, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (summary order) (quotation marks and ellipsis omitted).

The Complaint alleges that defendant is a limited liability company organized under Delaware law with its principal place of business in Connecticut. (Compl't ¶ 6.) Where a complaint premised upon diversity of citizenship names a limited liability company as a party, it must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019).

The Complaint alleges that plaintiff is a private limited company organized under the laws of the United Kingdom with a principal place of business in the United Kingdom. (Compl't ¶ 5.) In ascertaining diversity jurisdiction, courts have typically treated United Kingdom private limited companies as corporations, with citizenship determined by place of incorporation and principal place of business. See, e.g., Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC, 2013 WL 5929816, at *3 (D. Conn. Nov. 4, 2013) (collecting cases); Perrigo Co. v. Merial Ltd., 2020 WL 10728878, at *2 (N.D. Ga. Apr. 29, 2020); but see Standby RSG Ltd. v. Brooking Techs., LLC, 2024 WL 5111814, at *1 (M.D. Fla. Dec. 13, 2024) (noting uncertainty within the Eleventh Circuit as to whether a private limited company should be treated

as a corporation, a limited partnership, a limited liability company or syndicate) (collecting cases).

      Within fourteen (14) days of this Order, plaintiff may serve a single interrogatory upon defendant Digital Abstract, LLC as to the citizenship of all natural persons who are its members, and if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business.  The defendant shall serve its responses to the interrogatory within fourteen (14) days.

      Within thirty (30) days of this Order, the plaintiff shall amend its complaint to correct the jurisdictional deficiencies by truthfully and accurately alleging the citizenship of the defendant limited liability company.  The amended complaint shall also allege whether plaintiff is organized or structured as equivalent to a corporation or a limited liability company, and, if organized as a limited liability company equivalent, allege the citizenship of all members.  If, by this date, the plaintiff fails to allege complete diversity of citizenship, the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

      Plaintiff's unopposed motion for entry of judgment premised on defendant's affidavit of confession of judgment (ECF 10) will be held in abeyance pending an amended pleading that sufficiently alleges federal subject matter jurisdiction.

      SO ORDERED.

                                    P. Kevin Castel
                                   United States District Judge

Dated: New York, New York
       June 4, 2025